IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KAY LARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELTMAN, WEINBERG & REIS, CO., LPA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KAY LARA, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, WELTMAN, WEINBERG & REIS, CO., LPA, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KAY LARA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Waterloo, County of Black Hawk, State of Iowa.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Credit One Bank (hereinafter, "the Debt").

1

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. WELTMAN, WEINBERG & REIS, CO., LPA, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of Ohio.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. In or around March 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15. Plaintiff and Defendant engaged in a telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

16. During the course of the telephone conversation between Plaintiff and Defendant, Plaintiff informed Defendant that she was represented by an attorney relative to the Debt.

17. Plaintiff further provided Defendant with her attorney's name.

18. Plaintiff also provided Defendant with her attorney's contact information.

19. Plaintiff informed Defendant that Defendant was to contact her attorney relative to the Debt.

20. Subsequent to the parties having engaged in the aforesaid telephone conversation, despite being advised that Plaintiff was represented by an attorney relative to the Debt, Defendant contacted Plaintiff in a further attempt to collect the Debt.

21. Prior to October 23, 2012, Defendant was advised Plaintiff was represented by an attorney relative to the Debt.

22. Prior to October 23, 2012, Defendant was cognizant of Plaintiff's attorney's name.

23. Prior to October 23, 2012, Defendant was cognizant of Plaintiff's attorney's contact information.

24. Prior to October 23, 2012, Defendant had the ability to contact Plaintiff's attorney relative to the Debt.

25. On or about October 23, 2012, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the Debt.

26. At no time has Plaintiff's counsel failed to respond to a communication from Defendant relative to the Debt.

27. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff relative to the Debt.

28. On or about October 23, 2012, Defendant engaged in a telephone conversation with Plaintiff wherein Defendant attempted to collect the Debt from Plaintiff.

29. Plaintiff, again, informed Defendant that she was represented by an attorney relative to the Debt.

30. During the course of the aforesaid telephone conversation, Defendant acknowledged it was cognizant that Plaintiff was represented by an attorney relative to the Debt.

31. Defendant further told Plaintiff that it was unable to contact Plaintiff's attorney.

32. Defendant further told Plaintiff it had been trying to contact Plaintiff's attorney since approximately March 2012.

33. Defendant further told Plaintiff it had been unable to contact Plaintiff's attorney as Plaintiff's attorney's telephone number was disconnected.

34. From in or around March 2012 through in or around October 2012, Plaintiff's attorney had not received a communication from Defendant relative to Plaintiff.

35. From in or around March 2012 through in or around October 2012, Plaintiff's attorney had not received a communication from Defendant relative to the Debt.

36. Upon information and belief, from in or around March 2012 through in or around October 2012, Defendant did not attempt to communicate with Plaintiff's attorney relative to the Debt.

37. Alternatively, even if Plaintiff's attorney's telephone number was allegedly disconnected, Defendant had information in its possession relative to an alternative means by which it could contact Plaintiff's attorney relative to the Debt.

38. Defendant's representations to Plaintiff that it had been trying to contact Plaintiff's attorney were false, deceptive and/or misleading given that, upon information and belief, Defendant did not attempt to communicate with Plaintiff's attorney relative to the Debt from in or around March 2012 through October 23, 2012.

39. Defendant's representations to Plaintiff that it had been unable to contact Plaintiff's attorney were false, deceptive and/or misleading given that, upon information and belief, Defendant did not use all the information in its possession relative to Plaintiff's attorney's contact information to attempt to communicate with Plaintiff's attorney relative to the Debt.

40. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

   b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAY LARA, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $1,000.00;

      c.     Plaintiff's attorneys' fees and costs;

      d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KAY LARA**

By:    s/ William P. Petsche
       Attorney for Plaintiff

Dated: January 23, 2013

William P. Petsche  (AT0011240)
SMITHMARCO, P.C.
205 N. Michigan Ave., Suite 2940
Chicago, IL 60601
Direct Dial:   (515) 418-9321
Facsimile:    (888) 418-1277
E-Mail:      wpetsche@smithmarco.com

6